**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 14, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-40588
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY CRAIG ROCHELLE,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

(USDC No. 1:05-CR-68-ALL)

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.
PER CURIAM:[*]

Defendant Randy Craig Rochelle pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(2)(B). His plea agreement preserved his right to appeal the district court's suppression ruling, which we affirm.

A FBI search of Rochelle's home in Beaumont revealed an extensive collection of child pornography. Rochelle contends that the good-faith exception to the exclusionary rule does not apply because the search warrant was based on an affidavit so lacking in

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indicia of probable cause as to render belief in its existence entirely unreasonable.[1]  We disagree.

In general, "[a]n officer may rely in good faith on the validity of a warrant so long as the warrant is supported by more than a bare bones affidavit."[2]  The search warrant affidavit here was not bare bones.

The affidavit reported that for a thirty day period the FBI monitored the "Shangri_la" website receiving emails just as members of the eGroup would and received 77 emails, which contained 22 images of child pornography and 10 images of child erotica.  The FBI obtained the subscriber list to Shangri_la which included the appellant, who was a member for 7 days until the site was shut down by Yahoo. During that seven day period, the appellant would have received 24 emails.  The affiant reported that one of those 24 emails contained three photographs of a pre-pubescent female wearing only white underwear.  Another email had four pictures containing a nude, pre-pubescent female.  The affiant classified all of these pictures, conservatively, as child erotica.

Appellant now urges that these pictures of a nude child were mere erotica and, as such, did not suggest a fair probability that he was also in possession of child pornography.  This argument surely would have held the interest of a jury had he gone to trial,

---

[1]*United States v. Cherma*, 184 F.3d 403, 407 (5th Cir. 1999).

[2]*United States v. Cisneros,* 112 F.3d 1272, 1278 (5th Cir. 1997).

but it does not convince us that the lack of probable cause was so obvious as to "render official belief in its existence entirely unreasonable."[3] The district court's suppression ruling is AFFIRMED.

---

[3]*United States v. Leon*, 468 U.S. 897, 923 (1984) (internal quotation marks omitted).